UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-25116

DANIELA NAVARRO LANTIGUA,

    Plaintiff,

vs.

MOO! MEAT ART CORP,
OSMANY ESTOPINAN VAZQUEZ,
ADRIANA AMELIA GOROSITO
DELLA VEDOVA, and
PABLO FERNANDEZ,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Daniela Navarro Lantigua, sues Defendants, Moo! Meat Art Corp, Osmany Estopinan Vazquez, Adriana Amelia Gorosito Della Vedova, and Pablo Fernandez (collectively, "Defendants"), as follows:

*Parties, Jurisdiction, and Venue*

1. **Plaintiff, Daniela Navarro Lantigua**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. Plaintiff worked for Defendants as a server in their restaurant, Moo! Meat Art Corp, located at 12735-12737 S.W. 42nd Street, Miami, Florida 33175, from July 2023 to September 17, 2024.

3. Plaintiff consents to participate in this lawsuit.

4. **Defendant, Moo! Meat Art Corp,** is a *sui juris* Florida for-profit corporation authorized to conduct and that conducted its for-profit restaurant business in Miami-Dade County,

1

Florida, at all times material, where it maintains its principal place of business.

5.  **Defendant, Osmany Estopinan Vazquez**, was at all times material an owner as well as an officer/director/manager of the corporate Defendant for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages and issuing information returns.

6.  **Defendant, Adriana Amelia Gorosito Della Vedova**, was at all times material an owner as well as an officer/director/manager of the corporate Defendant for the time period relevant to this lawsuit. She also ran its day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages and issuing information returns.

7.  **Defendant, Pablo Fernandez**, was at all times material an owner as well as an officer/director/manager of the corporate Defendant for the time period relevant to this lawsuit. He also ran its day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages and issuing information returns.

8.  Plaintiff worked for Defendants from about July 2023 through September 17, 2024.

9.  To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are believed to be in the exclusive custody of Defendants.

10. Defendants controlled all job-related activities of Plaintiff.

11. Defendants coordinated all job-related activities of Plaintiff.

12. Defendants supervised Plaintiff's work.

13. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over her related Florida state law claims under 28 U.S.C. §1367.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

14. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants operated their restaurant in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most, if not all, of the operational decisions were made in this District.

15. Defendants agreed to pay Plaintiff $9.00 per hour for her work and to supplement her pay by allowing her to retain the tips left by the patrons she served.

16. Plaintiff worked for Defendants from about July 2023 through September 17, 2024.

17. To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are believed to be in the exclusive custody of Defendants.

18. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)
### (Against All Defendants)

Plaintiff, Daniela Navarro Lantigua, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein, and further alleges as follows:

19. Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

20. Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the FLSA.

21. Defendants were, at all times material, engaged in interstate commerce while operating their restaurant by purchasing, using, and selling food and beverage products that have moved through interstate commerce.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

22. Defendants cooked, prepared, stored, and/or sold and served food, produce, rice, meats, fish, and/or beverages that traveled in interstate commerce, using machinery, appliances, refrigeration, goods, and materials that also moved through interstate commerce.

23. Further, Defendants regularly and recurrently obtained, solicited, exchanged, and sent funds to and from outside of the State of Florida, used telephonic transmissions going outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

24. Defendants regularly engaged in interstate commerce by contracting and sharing payments with DoorDash, a foreign corporation, they used to allow customers to place orders, pay for orders, and coordinate with delivery drivers, all while exchanging information and funds that traveled in interstate commerce.

25. Defendants also engage in e-commerce through the internet on their website, moomiami.com, which they registered through GoDaddy LLC (a foreign corporation).

26. Defendants' corporate annual gross revenue derived from this interstate commerce is believed to have exceeded $500,000.00 for the relevant time and/or exceeded $125,000.00 for each relevant fiscal quarter.

27. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

28. Plaintiff was a non-exempt employee of Defendants.

29. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to her work for Defendants in the course of her regularly and routinely (a) serving food and beverage products that traveled in interstate commerce and (b) making electronic transactions through the

exchange of information to process credit and/or bank cards outside of the State of Florida using merchant service processing.

30. The FLSA, at 29 U.S.C. §206(a)(1)(C), required Defendants to pay their employees at least the federal minimum wage of $7.25 per hour.

31. Defendants failed and refused to pay Plaintiff a minimum wage of $7.25 per hour for each of the hours she worked for Defendants from June 17, 2024, to September 17, 2024.

32. As a direct and proximate result of the Defendants' violation of the FLSA's requirement to pay their employees at least a minimum wage for all hours worked by failing to pay Plaintiff for the hours she worked from June 17, 2024, to September 17, 2024, Plaintiff is entitled to payment of applicable minimum wage for all unpaid hours worked.

33. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least a minimum wage for all the hours Plaintiff worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay at least the minimum wage, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the minimum wage pay earned.

34. Plaintiff is entitled to a back pay award of minimum wages for all unpaid/underpaid hours worked, plus an equal amount as liquidated damages, plus all attorney's fees and costs.

WHEREFORE Plaintiff, Daniela Navarro Lantigua, demands the entry of a judgment in her favor and against Defendants, Moo! Meat Art Corp, Osmany Estopinan Vazquez, Adriana Amelia Gorosito Della Vedova, and Pablo Fernandez, jointly and severally, and as follows:

    a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorney's fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## COUNT II – FLSA TIP CONFISCATION CLAIM(S)
### (Against All Defendants)

Plaintiff, Daniela Navarro Lantigua, reincorporates and re-alleges paragraphs 1 through 18 as though set forth fully herein and further alleges as follows:

35. Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

36. Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the FLSA.

37. Defendants were, at all times material, engaged in interstate commerce while operating their restaurant by purchasing, using, and selling food and beverage products that have moved through interstate commerce.

38. Defendants cooked, prepared, stored, and/or sold and served food, produce, rice, meats, fish, and/or beverages that traveled in interstate commerce, using machinery, appliances, refrigeration, goods, and materials that also moved through interstate commerce.

39. Further, Defendants regularly and recurrently obtained, solicited, exchanged, and sent funds to and from outside of the State of Florida, used telephonic transmissions going outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

40. Defendants regularly engaged in interstate commerce by contracting and sharing payments with DoorDash, a foreign corporation, they used to allow customers to place orders, pay for orders, and coordinate with delivery drivers, all while exchanging information and funds that traveled in interstate commerce.

41. Defendants also engage in e-commerce through the internet on their website, moomiami.com, which they registered through GoDaddy LLC (a foreign corporation).

42. Defendants' corporate annual gross revenue derived from this interstate commerce is believed to have exceeded $500,000.00 for the relevant time and/or exceeded $125,000.00 for each relevant fiscal quarter.

43. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

44. Plaintiff was a non-exempt employee of Defendants.

45. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to her work for Defendants in the course of her regularly and routinely (a) serving food and beverage products that traveled in interstate commerce and (b) making electronic transactions through the exchange of information to process credit and/or bank cards outside of the State of Florida using merchant service processing.

46. The FLSA was amended in April 2018 to preclude employers from either retaining tips

for themselves or distributing tips to traditionally non-tipped employees:

> **An employer may not keep tips received by its employees for any purposes**, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

29 U.S.C. §203(m)(2)(B).

47. Defendants exercised control over the non-cash tips customers left for Plaintiff and were responsible for properly and fully distributing those tips to her.

48. Defendants violated the 29 U.S.C. §203(m)(2)(B) by failing to distribute all tips to Plaintiff and instead (a) retaining a portion of the tips left for Plaintiff and/or (b) distributing tips left for Plaintiff to traditionally non-tipped employees.

49. As a direct and proximate result of the Defendants' violation of the FLSA's prohibitions against retaining tips or distributing tips to traditionally non-tipped employees, Plaintiff is entitled to payment of all tips she earned but did not receive.

50. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff all tips she earned during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were able to keep a portion of her tips or distribute them to managers and/or supervisors, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the minimum wage pay earned.

51. Plaintiff is entitled to a back pay award of all tips earned but not received, plus an equal amount as liquidated damages, plus all attorney's fees and costs.

WHEREFORE Plaintiff, Daniela Navarro Lantigua, demands the entry of a judgment in her favor and against Defendants, Moo! Meat Art Corp, Osmany Estopinan Vazquez, Adriana Amelia Gorosito Della Vedova, and Pablo Fernandez, jointly and severally, and as follows:

    h. That Plaintiff recover compensatory tip damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

    i.    That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

    j.    That Plaintiff recover an award of reasonable attorney's fees, costs, and expenses pursuant to the FLSA;

    k.    That Plaintiff recover all interest allowed by law;

    l.    That Defendants be Ordered to make Plaintiff whole by providing tips earned but not received in an amount to be shown at trial and other affirmative relief;

    m.    That the Court declare Defendants to be in willful violation of 29 U.S.C. §203(m)(2)(B) of the FLSA; and

    n.    Such other and further relief as the Court deems just and proper.

## COUNT III - FLSA OVERTIME WAGE VIOLATION(S)
### (Against All Defendants)

Plaintiff, Daniela Navarro Lantigua, reincorporates and re-alleges paragraphs 1 through 18 as though set forth fully herein and further alleges as follows:

52.    Plaintiff regularly worked over 40 hours in a one or more workweeks for Defendants.

53.    Defendants did not correctly report all the hours Plaintiff worked, her pay stubs did not identify all the hours she worked, and as a result, Defendants did not pay Plaintiff for all the overtime hours she worked for them.

54.    Defendants violated the overtime wage provisions of the FLSA by failing and refusing to pay Plaintiff overtime wages calculated at time and one-half times of her regular hourly rate(s) of pay (of at least the applicable Florida minimum wage) for all overtime hours she worked.

55.    Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times of Plaintiff's regular rate of pay (of at least the applicable Florida minimum wage) for each of the overtime hours she worked for Defendants.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

56. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours she worked beyond 40 each week violated the law, they intentionally misled Plaintiff to believe that they were not required to pay an overtime rate, they misled Plaintiff into believing that she could waive or agree to not receive overtime pay (without the agreement supervised by the Secretary of the Department of Labor or the Court), and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

57. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as liquidated damages, plus all attorney's fees and costs.

WHEREFORE Plaintiff, Daniela Navarro Lantigua, demands the entry of a judgment in her favor and against Defendants, Moo! Meat Art Corp, Osmany Estopinan Vazquez, Adriana Amelia Gorosito Della Vedova, and Pablo O. Fernandez, jointly and severally, and as follows:

   a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

   b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

   c. That Plaintiff recover an award of reasonable attorney's fees, costs, and expenses pursuant to the FLSA;

   d. That Plaintiff recover all interest allowed by law;

   e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

   f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

   g. Such other and further relief as the Court deems just and proper.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## COUNT IV – VIOLATION(S) OF 26 U.S.C. §7434
### (Against Moo! Meat Art Corp)

Plaintiff, Daniela Navarro Lantigua, reincorporates and re-alleges paragraphs 1 through 18 as though set forth fully herein and further alleges as follows:

58. Defendant, Moo! Meat Art Corp employed Plaintiff in the calendar year 2023.

59. Defendant, Moo! Meat Art Corp had an obligation to provide correct information returns to the IRS and the Plaintiff.

60. Defendant, Moo! Meat Art Corp paid Plaintiff and is directly responsible for the issuance of checks to Plaintiff(s), the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2's and/or 1099's to Plaintiff for calendar year during 2023, and the filing of correct information returns on behalf of the corporate Defendant for calendar year 2023.

61. Defendant, Moo! Meat Art Corp willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form W-2 for calendar year 2023 by overreporting the amount they paid to Plaintiff in that calendar year.

62. Plaintiff suffered damages resulting from Defendant, Moo! Meat Art Corp's willful provision of the false/fraudulent information return in 2023, as described above.

63. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

> **(a) In general**
> If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.
>
> **(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—
>
> (1) any actual damages sustained by the plaintiff as a proximate result of the

11

filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

64. Plaintiff seeks the greater of $5,000 or the actual damages she sustained as a proximate result of each fraudulent information Defendant filed for her for 2023, plus her attorney's fees and costs.

WHEREFORE Plaintiff, Daniela Navarro Lantigua, demands the entry of a judgment in her favor and against Defendant, Moo! Meat Art Corp, after trial by jury and as follows:

   a. That Plaintiff recover the greater of $5,000, or the actual amount of damages she suffered, for each fraudulent information return filed/served by Defendants for 2024 as set forth above;

   b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

   c. That Plaintiff recover all interest allowed by law; and

   d. Such other and further relief as the Court deems just and proper.

## COUNT V – BREACH OF CONTRACT
### (Against Moo! Meat Art Corp and Osmany Estopinan Vazquez)

Plaintiff, Daniela Navarro Lantigua, reincorporates and re-alleges paragraphs 1 through 18 as though set forth fully herein and further alleges as follows:

65. Through this claim, Plaintiff seeks recovery of the "pure gap time" wages that she worked and earned but did not receive.[1] *See e.g., Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244

---

[1] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

(3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996).)

66. Plaintiff and Defendants, Moo! Meat Art Corp and Osmany Estopinan Vazquez, agreed that in exchange for Plaintiff expending time and effort on their behalf, they would compensate her at a rate of $9.00 for each hour she worked for them.

67. Plaintiff performed under the parties' contract/agreement by performing work for Defendants as aforesaid.

68. Defendants, Moo! Meat Art Corp and Osmany Estopinan Vazquez, however, failed and refused to perform their obligation to timely pay Plaintiff at the rate of $9.00 for each hour of work she performed for them from about October 29, 2023 through September 17, 2024.

69. Plaintiff has been damaged as a result of these Defendants' failure to pay for the work she performed from about October 29, 2023 through September 17, 2024 in a timely manner.

WHEREFORE Plaintiff, Daniela Navarro Lantigua, demands the entry of a judgment in her favor and against Defendants, Moo! Meat Art Corp and Osmany Estopinan Vazquez, after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

### COUNT VI – UNJUST ENRICHMENT
(Against Moo! Meat Art Corp and Osmany Estopinan Vazquez)

Plaintiff, Daniela Navarro Lantigua, reincorporates and re-alleges paragraphs 1 through 18 as though set forth fully herein and further alleges as follows:

70. Through this claim, Plaintiff seeks to recover of the "pure gap time" wages that she

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

worked and earned but did not receive.[2] *See e.g., Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); Botting v. Goldstein, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).)

71. Plaintiff provided labor and services for Defendants, Moo! Meat Art Corp and Osmany Estopinan Vazquez, and they received and accepted the benefits of the labor and services supplied by Plaintiff.

72. Plaintiff expected to be paid a reasonable value for the labor and services provided to these Defendants.

73. Plaintiff provided services on behalf of Defendants, Moo! Meat Art Corp and Osmany Estopinan Vazquez, for their business, as requested, and they received and accepted the benefits of the work, efforts, and labor that Plaintiff provided.

74. Defendants, Moo! Meat Art Corp and Osmany Estopinan Vazquez, were unjustly enriched in that they failed and refused to make payment to Plaintiff for the benefits conferred upon them from about October 29, 2023 through September 17, 2024.

WHEREFORE Plaintiff, Daniela Navarro Lantigua, demands the entry of a judgment in her favor and against Defendants, Moo! Meat Art Corp and Osmany Estopinan Vazquez, after trial by jury, for all damages suffered as a result of those Defendants' unjust enrichment, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

---

[2] *Thrower*, 2010 WL 4536997, at *4 ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## DEMAND FOR JURY TRIAL

Plaintiff, Daniela Navarro Lantigua, demands a trial by jury of all issues so triable.

Respectfully submitted this 30th day of December 2024,

                                           s/Brian H. Pollock, Esq.
                                           Brian H. Pollock, Esq.
                                           Fla. Bar No. 174742
                                           brian@fairlawattorney.com
                                           FAIRLAW FIRM
                                           135 San Lorenzo Avenue
                                           Suite 770
                                           Coral Gables, FL 33146
                                           Tel:    305.230.4884
                                           *Counsel for Plaintiff*